**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY**

STATE OF DELAWARE, )
)
  v. )
)   I.D. No. 1112020007
PATRICK OWUSU, )
)
   Defendant. )

Date Submitted: January 9, 2015
Date Decided: January 29, 2015

**ORDER DENYING PATRICK OWUSU'S MOTION
FOR APPOINTMENT OF COUNSEL**

This 29th day of January, 2015, upon consideration of the Motion for Appointment of Counsel filed by Defendant, Patrick Owusu; the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities set forth in Defendant's Motion; statutory and decisional law; and the entire record in this case, including the transcript of the plea colloquy and imposition of sentence by the Court finds as follows:

1. On June 26, 2012, Defendant pled guilty to Assault Second Degree and Receiving Stolen Property valued over $1,500.00, pursuant to a Plea Agreement between the State and Defendant, which Defendant signed. Pursuant to Superior Court Criminal Procedural Rule 11(c)(1), the Court addressed Defendant personally in open court and determined that Defendant understood the nature of

the charges to which the plea was offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

2.    During colloquy, the Court asked Defendant if he was an American citizen, to which Defendant responded "No." Defendant, born in Ghana, acknowledged his understanding that pleading guilty to a felony could subject him to deportation. Defendant explained on that record that the immigration consequences associated with pleading guilty to a felony were critical in his decision-making process. Specifically, Defendant responded to the Court's warning of deportation risks with the following:

> Well I understand that, that's why I be going back and forth with this stuff, [be]cause . . . I understand I made a mistake and I'm willing to own up to the mistake I made . . . . [and] due to my status of a green card . . . any criminal record against me is going to hurt against me every time I go to [the] airport or immigration status."[1]

Accordingly, Defendant acknowledged his understanding of the deportation risks associated with pleading guilty to a felony. In addition, Defendant signed a truth-in-sentencing form acknowledging that conviction of a criminal offense may result in deportation.

3.    Furthermore, Defendant acknowledged in open court that he was facing even more serious charges than the charges to which he pled guilty. Defendant received the benefit of his strategic bargain when the State agreed to

---

[1] *State v. Owusu*, I.D. No. 1112020007, at 21:3-12 (Del. Super. June 26, 2012) (Herlihy, J.) (TRANSCRIPT).

dismiss the more serious charges in exchange for Defendant's guilty plea. Defendant's counsel explained on the record that based on the circumstances underlying Defendant's charges—including Defendant's admission to Police—Defendant understood the risks associated with proceeding to trial and Defendant would benefit from entering a plea under which the State would recommend a sentence of probation rather than jail. Defendant acknowledged in open court that the judge was not bound by the State's recommendation and that the range of possible penalties included the sentence the Court imposed.

4. On September 4, 2014, Defendant filed a motion for reduction or modification of his sentence. The Court denied Defendant's motion.[2] Now, Defendant has filed a motion for appointment of counsel "to represent [Defendant] in further proceedings with regard to his case." It is unclear if Defendant seeks appointment of counsel to file a second motion for reduction or modification of his sentence or to pursue postconviction relief.

5. With respect to Defendant's sentence, the sentence imposed was well within the statutory sentencing scheme, and Defendant acknowledged on the record that that Court was not bound by the State's sentencing recommendation. The sentence imposed by the Court is appropriate for all the reasons stated at the

---

[2] *State v. Owusu*, I.D. No. 1112020007 (Del. Super. Nov. 7, 2014) (Rocanelli, J.) (ORDER).

time of sentencing. No additional information has been provided to the Court that would warrant a reduction or modification of this sentence.

6. With respect to postconviction relief, even if Defendant's postconviction motion qualified for review on the merits, Defendant is not entitled to appointment of postconviction counsel because Defendant entered a plea of guilty. Superior Court Criminal Rule 61(e)(2) governs the appointment of counsel for first time motions for postconviction relief from convictions resulting from guilty pleas. The Court has the discretion to appoint counsel if the postconviction motion sets forth a substantial claim of ineffective assistance of counsel, among other things. Defendant is not entitled to appointment of postconviction counsel; counsel represented Defendant when he pled guilty.[3] The Court accepted Defendant's guilty plea as knowing, intelligent, and voluntary. The record demonstrates that both Defendant's counsel *and* the Court explained the immigration consequences associated with pleading guilty to a felony.[4] Moreover, the record shows that Defendant's counsel explained, and Defendant understood, the risks associated with proceeding to trial and the length of jail time Defendant could serve if convicted by a jury. Likewise, Defendant's counsel explained the

---

[3] *See McMann v. Richardson*, 397 U.S. 759, 771 (1970) (holding that a defendant is entitled to effective counsel before deciding whether to plead guilty). *See also Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (evaluating the effectiveness of counsel's representation under an "objective standard of reasonableness" and whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

[4] *See Padilla v. Kentucky*, 559 U.S. 356, 374 (2010) (holding that defense counsel "must inform [a defendant] whether his plea carries a risk of deportation.").

benefits of entering a guilty plea and serving probation as well as the disadvantages with respect to immigration status.

7. Defendant is not entitled to appointment of counsel in connection with this matter. Defendant's sentence is well within the statutory sentencing scheme, and Defendant acknowledged that that Court was not bound by the State's sentencing recommendation under the Plea Agreement. Further, Defendant was represented by counsel when he pled guilty and was sentenced. Defendant understood the immigration consequences and the possible penalties he faced for his conviction. Accordingly, for the reasons stated above, this Court finds that Defendant has not demonstrated cause for the relief sought.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

Original to Prothonotary:
cc:    Patrick Owusu (SBI#00709047)
       Investigative Services